■ Debra Veley, Appellant, v Patricia A. Manchester, Respondent, et al., Defendant. [56 NYS3d 761]—

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered August 22, 2016. The order, upon reargument, granted the cross motion of defendant Patricia A. Manchester for summary judgment and dismissed the complaint.

It is hereby ordered that the order so appealed from is

unanimously reversed on the law without costs, the cross motion is denied, and the complaint is reinstated.

Memorandum: In May 2010, Ronald Manchester (decedent) converted a Summit Federal Credit Union account into a Totten trust. Decedent's wife (defendant) was listed as a beneficiary on the conversion documents while decedent's daughter (plaintiff) was listed as an additional beneficiary. On the same day that decedent executed the Totten trust, he completed a form titled "Traditional IRA Trust Application Packet (Form 2300-T)," which listed defendant as "primary beneficiary" and plaintiff as "secondary beneficiary." After decedent died on June 30, 2013, defendant transferred the trust funds to her own account, and plaintiff commenced the instant action to recover those funds. Defendant cross-moved for summary judgment dismissing the complaint, submitted, inter alia, the Totten trust and IRA documents, and argued that, because plaintiff is listed as a secondary beneficiary on Form 2300-T, she herself became the sole beneficiary of the Totten trust upon decedent's death. Supreme Court denied the cross motion, and defendant subsequently moved for leave to reargue and to renew it. The court granted the motion insofar as it sought leave to reargue and reserved decision on the motion insofar as it sought leave to renew. Upon reargument, the court granted defendant's cross motion and dismissed the complaint. Plaintiff appeals, and we reverse.

" '[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact' " (*Jacobsen v New York City Health & Hosps. Corp.*, 22 NY3d 824, 833 [2014], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). " "This burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party' " (*id.* at 833). The "[f]ailure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*Alvarez*, 68 NY2d at 324). Here, we conclude that the submissions of defendant on her cross motion do not conclusively establish that she was the sole beneficiary of the Totten trust at the time of decedent's death. Consequently, defendant failed to meet her initial burden of proof, and there is no need to assess the sufficiency of plaintiff's opposing papers or any of plaintiff's related arguments in opposition to the cross motion (*see id.*). Present—Smith, J.P., Lindley, DeJoseph, NeMoyer and Curran, JJ.